**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2016 AUG 18 PM 2: 49
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

I.C.; a minor, Through Her Guardian,
CHARLES COCHRANE,

CASE NO.: 6:16- CV-1479- ORL-37
GJK

    Plaintiff,

v.

AMERICAN CREDIT ACCEPTANCE,
LLC,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.    I.C., a minor, through her Guardian CHARLES COCHRAN ("Plaintiff") brings this action against AMERICAN CREDIT ACCEPTANCE, LLC ("Defendant") for violations of the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT.§§ 559.55-559.785 and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The FCCPA prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

- 1 -

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff is an individual residing in Volusia County, Florida and in this Judicial District.

5.      Defendant is a national consumer lending association whose principal purpose includes collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due.  Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Florida.

## FACTUAL ALLEGATIONS

6.      Within one year prior to the filing of this action, and specifically during May 2015 through September 2015, Defendant contacted Plaintiff to collect a debt.  However, Plaintiff does not owe the alleged debt.  Defendant was seeking to collect from another consumer named "Lisa", which Plaintiff does not know and has no relationship with whatsoever.

7.      Upon information and belief, alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal,

- 2 -

family, or household purposes, whether or not such obligation has been reduced to judgment. Specifically, upon information and belief, the alleged debt at issue is an automobile loan.

8.      At all times relevant to this action, Plaintiff owned, operated and/or controlled the cellular telephone number ending in 7814, the number Defendant placed its countless automated collection calls to.

9.      Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number.  Defendant would often times place upwards of five (5) collection calls to Plaintiff's cellular telephone in a single day.  Further Defendant would often call Plaintiff on a daily, or near daily, basis.

10.     On numerous occasions from May 2015 through September 2015, Plaintiff and her father would answer Defendant's calls, advise Defendant that Plaintiff was not "Lisa", did not know "Lisa", that Plaintiff was a minor child, and that Defendant was to cease placing any further automated collection calls to Plaintiff's cellular telephone.

11.     Despite this, Defendant continued to place its automated calls to Plaintiff's cellular telephone seeking to collect the debt.  What is more, at times Defendant's agents would become extremely rude and/or hostile with Plaintiff and her father.  At times, Defendant's agents would scream, yell, threaten and even use profanity when speaking with Plaintiff and her father.

12.     At all times relevant to this action, while conducting business in Florida, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA

- 3 -

COMPLAINT FOR DAMAGES

Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

13.    At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.   Defendant's use of an ATDS is evidenced by Plaintiff and her father often experiencing "dead air" when initially answering Defendant's calls.   The dead air that the Plaintiff experienced on the calls that he received is indicative of the use of an automatic telephone dialing system.   This "dead air" is commonplace with autodialing and/or predictive dialing equipment.   It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated.   Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.   The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them.   Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

14.    Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number hundreds of times using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number

- 4 -

generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

15.     Plaintiff revoked her consent for Defendant to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

16.     Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff demanded that Defendant cease calling Plaintiff on Plaintiff's cellular telephone.

17.     At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

18.     Defendant is not a tax exempt nonprofit organization.

19.     Defendant's violation of the TCPA was willful.

20.     Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff hundreds of times at Plaintiff's cellular telephone using an "automatic telephone dialing system" in violation of the TCPA.

21.     As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

        a. Invading Plaintiff's privacy;

        b. Electronically intruding upon Plaintiff's seclusion;

- 5 -

c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

d.  Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephones;

e.  Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

22.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

24.     As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

25.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

26.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

27.     The foregoing acts and omissions of Defendants constitute numerous and

COMPLAINT FOR DAMAGES

multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

29.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**(Violations of the Florida Consumer Collection Practices Act, FLA. STAT. §§ 559.55-559.785)**

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated FLA. STAT. § 559.72(7) by willfully communicating with a debtor or any member of his or her family with such frequency as can reasonably be expected to harass a debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass a debtor or any member of her or his family.

32.     Defendant's conduct as detailed above were done willfully, for the purpose of harassing Plaintiff to pay the alleged debt.

33.     As a result of the foregoing violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney fees.

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)        Declaratory judgment that Defendant's conduct violated the FCCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)        An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)        Actual damages pursuant to FLA. STAT. § 559.77(2) and 47 U.S.C. § 227(b)(3)(B); and

(d)        Statutory damages pursuant to FLA. STAT. § 559.77(2); and

(e)        As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitles to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)        As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)        Costs and reasonable attorney fees pursuant to FLA. STAT. § 559.77(2); and

(h)        Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)        For such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: August 16, 2016

By: _____
Benjamin H. Crumley, Esq.
Florida Bar No.: 18284
Crumley & Wolfe, P.A.
2254 Riverside Ave.
Jacksonville, FL 32204-4620
Telephone: (904) 374-0111
Facsimile: (904) 374-0113
Email: ben@cwbfl.com
*Counsel for Plaintiff*

COMPLAINT FOR DAMAGES