UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

I.C. *ex rel.* CHARLES COCHRANE,

    Plaintiff,

v.                                                               Case No. 6:16-cv-1479-Orl-37GJK

AMERICAN CREDIT ACCEPTANCE,
LLC,

    Defendant.
_____

## **ORDER**

In the instant action, Plaintiff asserts claims against Defendant for violations of Telephone Consumer Protection Act ("**TCPA**") and the Florida Consumer Collection Practices Act. (Doc. 6.) Defendant has moved to stay the action pending a decision from the U.S. Court of Appeals for the District of Columbia Circuit concerning the definition of an automatic telephone dialing system ("**ATDS**") and a called party ("**Called Party**") for purposes of consent. (Doc. 20 ("**Motion to Stay**").) In a separately filed motion, Defendant seeks a hearing on the Motion to Stay. (Doc. 21.) For the reasons set forth below, the motions are due to be denied.

-1-

## I. DISCUSSION

### A. Complaint

The operative Complaint contains the following allegations. Beginning in May of 2015 through September of 2015, Defendant placed hundreds of phone calls to Plaintiff's cell phone in an attempt to collect a debt—arising from an automobile loan— from a consumer named "Lisa" ("**Alleged Debtor**"). (Doc. 6, ¶¶ 1, 2, 11.) Notably, Plaintiff is a minor child, does not own a vehicle, and does not know or have any relationship with the Alleged Debtor. (*Id.* ¶¶ 6, 7.) Though Plaintiff and her father advised Defendant's agents on multiple occasions that they had the wrong number and demanded that Defendant stop calling Plaintiff's cell phone, Defendant continued to place numerous collection calls to Plaintiff's cell phone almost daily. (*Id.* ¶¶ 10, 12, 13, 15, 16.)

Importantly, the Complaint also alleges that: (1) Defendant used an ATDS to place calls to Plaintiff; and (2) Plaintiff is not the Alleged Debtor, does not know the Alleged Debtor, has no business relationship with Defendant, never gave her cell phone number to Defendant, and thus never gave Defendant "prior express consent" to use an ATDS to call her cell phone. (*Id.* ¶¶ 20, 23.) In addition, Plaintiff alleges that Defendant's continued calls—in spite of notification that it had the wrong number—evidences an intent to abuse, harass, and/or annoy Plaintiff. (*Id.* ¶ 19.)

### B. Instant Motions

On February 23, 2017, Defendant filed a motion requesting that the Court stay these proceedings pending the D.C. Circuit's decision in *ACA International v. Federal*

*Communications Commission*, No. 15-1211 ("***ACA Int'l***"). (Doc. 20.) According to Defendant, the *ACA Int'l* decision will have precedential significance and could be dispositive of Plaintiff's claim because it will address challenges to the Federal Communication Commission's ("**FCC**") definitions of an ATDS and a Called Party. (*Id.*) Contemporaneously, Defendant requested a hearing on the Motion to Stay (Doc. 21), and Plaintiff timely filed a response opposing the Motion to Stay (Doc. 22).

C.  **Analysis**

The TCPA prohibits ATDS calls to a cell phone without the Called Party's prior express consent. 47 U.S.C. § 227(b)(1)(A). Thus, the *ACA Int'l* decision **may** impact litigation under the TCPA. But, as Defendant concedes, the Undersigned has previously declined to stay similar litigation on the ground that *ACA Int'l* will be merely persuasive authority within the Eleventh Circuit. *Adamo v. Synchrony Bank*, No. 6:16-cv-530-Orl-37GJK, 2016 WL 3621129, at *1 (M.D. Fla. July 6, 2016). Though the Motion to Stay presents a thorough inventory of the divergent viewpoints among federal courts concerning whether a circuit court's interpretation of an FCC order is binding or merely persuasive outside that circuit, Defendant has not persuaded the Court to recede from its former position. Hence, in the exercise of its discretion, the Court declines to stay the instant proceeding. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing that district courts have broad discretion to stay proceedings as an incident to their power to control their own docket).

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant American Credit Acceptance, LLC's Motion to Stay (Doc. 20) is **DENIED**.

2. Defendant American Credit Acceptance, LLC's Motion for Oral Argument (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 25, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record